UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICE MARIE BRUCE,

    Appellant,

v.

KELLY REMICK,
Chapter 13 Standing Trustee,

    Appellee.
_____/

Case No: 8:23-cv-798-CEH
Bankr. No. 8:21-bk-6275-RCT

## OPINION AND ORDER

This matter is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. Alice Marie Bruce ("Appellant"), proceeding *pro se*, seeks review of the Bankruptcy Court's Order Denying Confirmation and Dismissing Case (Doc. 4-2) and Order Denying Reconsideration (Doc. 4-3). The appeal is fully briefed, and the Court held oral argument on February 8, 2024. Appellant did not appear at the hearing.

Upon due consideration of the record, the parties' submissions, governing legal authority, and otherwise being fully advised in the premises, the Court concludes that the Bankruptcy Court's Orders should be affirmed.

**I.    BACKGROUND**

Appellant owns real property located at 867 Hanover Way, Lakeland, FL 33813 (the "Hanover Way property"), which is her primary residence. Appellant also claims

ownership or an ownership interest in real property located at 3528 W. Shell Point Rd., Ruskin, FL, 33570 (the "W. Shell Point Rd. property"). U.S. Bank, N.A., and/or its servicing agents, filed foreclosure actions in state court as to each property before Appellant initiated the bankruptcy action that is the subject of this appeal.

On December 15, 2021, Appellant, proceeding *pro se*, filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code" or the "Code") in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, which was assigned Case No. 8:21-bk-6275-RCT.[1] Doc. 4-8. The petition did not list Appellant's creditors, and Appellant did not submit a proposed Chapter 13 Plan.

On December 16, 2021, the Bankruptcy Court entered its Administrative Order Prescribing Procedures for Chapter 13 Cases. Doc. 4-11. Among other things, it ordered that payments under the Chapter 13 Plan (the "Plan") shall include all payments to secured creditors that will come due after the petition is filed as follows:

> a. For claims secured by real or personal property that are valued in the Plan, the monthly Plan payment shall include adequate protection payments based upon the proposed value of the collateral with interest.
> ***
> c. For executory contract or lease claims for real or personal property, the monthly Plan payment shall include adequate protection payments equal to the regular monthly contractual payment. If there are prepetition arrearages, the Plan shall provide for the prompt cure of arrearages.
> ***

---

[1] The case was assigned to U.S. Bankruptcy Judge Michael G. Williamson. On November 8, 2022, the case was reassigned to U.S. Bankruptcy Judge Roberta A. Colton.

      f.      For claims secured by mortgages for which the Plan proposes to cure prepetition arrearages, the Plan payment shall include the regular post-petition contractual payment and the total arrearages paid in monthly installments over the term of the Plan.

*Id*. at 2. The Administrative Order cautioned that "**Debtor's failure to timely make payments to the Chapter 13 Trustee (the "Trustee") or to comply with any of the other requirements of this Order may result in dismissal or conversion of the case**." *Id*. at 1.

On January 26, 2022, the Bankruptcy Court dismissed Appellant's case without prejudice for failure to file a proposed Plan. Doc. 4-28. Two days later, Appellant filed a motion to reinstate the case and a proposed Plan using an incorrect form. Docs. 4-31, 4-32. In the proposed Plan, Appellant listed U.S. Bank as a creditor on two claims secured by real property, namely, the properties located on Hanover Way and W. Shell Point Rd. Doc. 4-31 at 3. Appellant proposed a claim amount of $11,000 for the Hanover Way property, a claim amount of $15,000 for the W. Shell Point Rd. property, and a monthly Plan payment of $100 and $50, respectively, to be disbursed by the Trustee. *Id*. Appellant also listed Westlake Financial Auto as a creditor but indicated that it was not included in the monthly Plan payment because she would pay it directly. Doc. 4-31 at 2. On February 1, 2022, the Bankruptcy Court granted Appellant's motion to reinstate the case, extended certain deadlines, and set an initial confirmation hearing for May 28, 2022. Doc. 4-23.

On February 7, 2022, Secured Creditor U.S. Bank, N.A., as Trustee, Successor in Interest to Bank of America, N.A., as Trustee, Successor by merger to LaSalle Bank,

3

N.A., as Trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2006-HE3 Trust ("U.S. Bank"), filed its objection to confirmation of Appellant's Plan. Doc. 4-39. U.S. Bank asserted that its claim was secured only by a first mortgage security interest encumbering the Hanover Way property. *Id.* Three days later, U.S. Bank filed Proof of Claim No. 5 in the total amount of $719,126.51, showing arrears in the amount of $203,877.27, to evidence the mortgage debt secured by the Hanover Way property. Doc. 4-80. Appellant objected to U.S. Bank's Proof of Claim No. 5, asserting several reasons why the debt was invalid. Doc. 4-48. The Bankruptcy Court overruled Appellant's objection without prejudice to her raising her objections as defenses in the foreclosure action. Doc. 4-131.

On March 5, 2022, Appellant filed an adversary complaint against U.S. Bank challenging the validity of the debt secured by the Hanover Way property. *See* Bankr. No. 8:22-ap-00052-MGW.

On March 28, 2022, the Bankruptcy Court held the initial confirmation hearing. Doc. 4-79. The Bankruptcy Court continued the confirmation hearing to May 23, 2022, stating that it would also address Appellant's objection to U.S. Bank's claim at that time. Doc. 4-96, 4-97.

On April 6, 2022, Appellant filed a first amended Plan using the correct form. Doc. 4-89. The Plan was dated March 31, 2022.[2] *Id.* Appellant listed the same creditors as those listed in her initial Plan, but she did not provide an amount, if any, that was

---

[2] Appellant also filed an amended Plan on April 6, 2022, that was dated April 1, 2022. Doc. 4-90. That Plan was later stricken. *See* Doc. 4-130 at 2.

4

to be paid to U.S. Bank through the Plan. *Id*. at 3-4. However, in another section of the first amended Plan, Appellant indicated she would make monthly Plan payments of $490.29 to the Trustee for a sixty-month period beginning on an unknown month/year through February 2024. *Id*. at 2. Appellant did not specify what funds the Trustee would distribute to which creditor.

On May 23, 2022, the Bankruptcy Court held the first continued confirmation hearing. Doc. 4-130. The Bankruptcy Court overruled Appellant's objection to U.S. Bank's Claim No. 5 for the reasons stated on the record at the hearing. Doc. 4-131. The objection was overruled without prejudice to Appellant to raise her objections as defenses in the foreclosure action. *Id*. The confirmation hearing was continued to August 8, 2022. Doc. 4-133.

On August 4, 2022, the Trustee filed an Amended Unfavorable Recommendation and Objection Concerning Confirmation of the Plan. Doc. 4-149. The Trustee reported that an amended plan was needed because Appellant's Plan was unclear as to the treatment of the creditors, failed to provide for treatment of U.S. Bank, and failed to provide for adequate protection payments to U.S. Bank for the two mortgages as required by the Bankruptcy Court's Administrative Order. *Id*. at 2.

On July 28, 2022, the bankruptcy judge presiding over Appellant's adversary proceeding held a hearing on U.S. Bank's motion to dismiss the adversary complaint. During the hearing, the bankruptcy judge stated:

> Now, this collateral attack on a foreclosure case is not proper. The foreclosure case belongs in foreclosure. And you would raise all of these same arguments that you make here, you would raise th[em] there.[3]

Doc. 4-171 at 8. The bankruptcy judge advised Appellant that if she intended to pursue the matter in bankruptcy, her remedy "would be to do a cure-and-pay plan" with respect to the Hanover Way property *Id*. at 10. The bankruptcy judge granted U.S. Bank's motion to dismiss because Appellant had raised no arguments other than defenses to the state court foreclosure action, which properly belonged in that state court proceeding. The bankruptcy judge also *sua sponte* partially lifted the automatic stay in the main bankruptcy case to allow the foreclosure action to proceed and to allow Appellant to raise her defenses in state court. *Id.* The bankruptcy judge set forth her rulings in a written order dated August 5, 2022, and the order was docketed in Appellant's bankruptcy case. Doc. 4-155.

On August 8, 2022, the second continued confirmation hearing was held as scheduled. Doc. 4-156. The confirmation hearing was continued to October 3, 2022. Doc. 4-163.

On August 12, 2022, Appellant filed a motion asking the Bankruptcy Court to reconsider the bankruptcy judge's partial lifting of the automatic stay. Doc. 4-160. The only basis Appellant asserted for reconsideration was that she had filed a new adversary complaint challenging the validity of U.S. Bank's mortgage lien on the

---

[3] Appellant obtained a transcript of this hearing and a hearing held by the Bankruptcy Court on August 22, 2022, and it is part of the record on appeal. Doc. 4-171.

property and the amount owed on the debt, if any. *Id*. Appellant asked the Bankruptcy Court to reconsider the order pending the outcome of the adversary proceeding. *Id*.

On August 22, 2022, the Bankruptcy Court held a hearing on Appellant's motion for reconsideration. Doc. 4-171 at 13, 18-22. The Bankruptcy Court denied the motion, finding that Appellant's second adversary complaint raised the same defenses to foreclosure as those raised in her first adversary complaint.[4] *Id*. at 21-22; Doc. 4-166.

On October 3, 2022, the third continued confirmation hearing was held as scheduled. Doc. 4-184. By written order dated October 27, 2022, the Bankruptcy Court continued the confirmation hearing to December 5, 2022, and instructed Appellant to file, prior to that hearing, an amended Plan that addressed all creditors with secured claims and any motions to determine secured status that she believed were necessary.[5] *Id*.

On November 29, 2022, Appellant filed a second amended Plan dated November 3, 2022. Doc. 4-190. Appellant listed U.S. Bank as the creditor on the Hanover Way and W. Shell Point Rd. properties, omitted creditor Westlake Financial Auto, and added creditor Badcock's Furniture. *Id*. at 3, 4, 6. She proposed making

---

[4] Appellant appealed the Bankruptcy Court's denial of her motion for reconsideration and the bankruptcy judge's underlying order. On September 29, 2023, the district court affirmed both orders. *See* Case No. 8:22-cv-2201-TPB, Doc. 31.

[5] A Chapter 13 debtor may file a motion to determine the secured status of a creditor's claim under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012. After that, the bankruptcy court may determine the amount of a secured claim under § 506(a) of the Code, or the amount of a claim entitled to priority under § 507 of the Code. *See* Fed. R. Bankr. P. 3012.1.

monthly Plan payments of $490.29 to the Trustee for a sixty-month period. *Id*. at 2. Appellant did not specify what funds the Trustee would distribute to which creditor, and, inexplicably, she reported the monthly payments would be made over a twenty-four-month period from November 2021 to November 2023. *Id*. Appellant proposed that she cure pre-petition arrears and maintain contractual payments on U.S. Bank's claim secured by her primary residence on Hanover Way, but she specifically provided for no payment through the Plan for pre-petition arrears or post-petition mortgage payments. *Id*. at 3. Regarding U.S. Bank's claim secured by the W. Shell Point Rd. property, Appellant proposed that she would file a motion to determine secured status or value it at one dollar and provide no payment through the Plan. *Id*. at 4. As for Badcock's Furniture, Appellant proposed paying its claim in full outside of the Plan. *Id*. at 6. Appellant did not propose an amount to be distributed to allowed general unsecured claims filed in the case.

On December 3, 2022, Appellant filed a third amended Plan. Doc. 4-197. However, this filing was identical to Appellant's second amended Plan, including being dated November 3, 2022. *Compare* Doc. 4-197 *with* Doc. 4-190.

On December 5, 2022, the fourth continued confirmation hearing was held as scheduled.[6] After the hearing, but before the Bankruptcy Court issued a written order on the hearing, Appellant filed a fourth amended Plan on December 7, 2022, and a fifth amended Plan on December 13, 2022. Docs. 4-204, 4-214. However, these filings

---

[6] Appellant did not file a motion to determine the secured status of the W. Shell Point Rd. property prior to, or after, the fourth continued confirmation hearing.

also were identical to Appellant's second amended Plan, including being dated November 3, 2022. *Compare* Docs. 4-204, 4-214 *with* Doc. 4-190. Appellant simply filed the same Plan four times.

On December 9, 2022, Secured Creditor U.S. Bank, N.A., as Trustee, Successor in Interest to Bank of America, N.A., as Trustee, Successor by Merger to LaSalle Bank, N.A., as Trustee for Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2005-NC1 ("US Bank II") moved for relief from the automatic stay with respect to its foreclosure action involving the W. Shell Point Rd. property. U.S. Bank II asserted that the amount owed on the property far outweighed its value, and no payment for the property was included in Appellant's Plan. Doc. 4-208.

On December 15, 2022, the Bankruptcy Court issued an order on the fourth continued confirmation hearing. Doc. 4-216. The Bankruptcy Court denied confirmation of Appellant's amended Plan,[7] finding that it could not be confirmed "based on the facts orally stated in open Court." *Id*. at 1, 2. The Bankruptcy Court determined that Appellant's case should be set for a Final Confirmation Hearing, at which time it would either confirm Appellant's Plan or dismiss or convert her case. *Id*. at 1. The Bankruptcy Court scheduled the Final Confirmation Hearing for February 8, 2023, ordering, in relevant part, that:

> 2. An Amended Chapter 13 Plan must be filed within twenty-one (21) days from the date this Order is entered providing for payments to creditors and for a Plan term of at least thirty-six (36)

---

[7] The order does not include a record citation to the amended Plan, *i.e.*, whether it was Appellant's second, third, fourth, or fifth amended Plan. However, since those amended Plans are identical, the omission of a record citation is immaterial.

> months, but no longer than sixty (60) months, or the Chapter 13 Trustee may submit an order dismissing this Chapter 13 Case without further notice or hearing of this Court.
>
> ***
>
> 5. . . . **THIS IS THE FINAL CONTINUANCE FOR CONFIRMATION IN THIS CASE**. . . .
>
> 6. At least fourteen (14) days prior to the Final Confirmation Hearing, the Debtor shall correct any deficiencies or address outstanding issues identified in the Chapter 13 Trustee's Amended Unfavorable Recommendation and Objection Concerning Confirmation of the Plan [Doc. 4-149] or previously raised by the Court or the Trustee's office concerning confirmation of Debtor's plan. This requirement necessarily includes providing any documents or other items requested by the Chapter 13 Trustee's office. The Debtor shall comply with the specific provisions for paragraphs 2, 3 and 4 above as stated.

*Id*. at 2. Appellant did not file an amended Chapter 13 Plan within 21 days of the Bankruptcy Court's Order or at any time thereafter. Nor is there any indication in the bankruptcy docket that Appellant requested additional time to file an amended Plan.

On December 30, 2022, U.S. Bank II objected to confirmation of the fifth amended Plan (Doc. 4-214), asserting that Appellant did not own the W. Shell Point Rd. property, the amended Plan did not provide for any payment on the debt, and Appellant's bankruptcy action was not filed in good faith. Doc. 4-219.

On January 11, 2023, the Bankruptcy Court issued an order granting U.S. Bank II's motion for relief and terminating the automatic stay as to its interest in the W. Shell Point Rd. property. Doc. 4-223. Appellant sought reconsideration of the order, asserting that the lien had been satisfied and she intended to file an adversary

complaint against U.S. Bank II for violating the automatic stay.[8] Doc. 4-226. On January 31, 2023, the Bankruptcy Court denied Appellant's motion for reconsideration. Doc. 4-227.

On February 8, 2023, the final confirmation hearing was held as scheduled. Doc. 4-234. Appellant appeared at the hearing.

On February 14, 2023, the Bankruptcy Court issued an Order Denying Confirmation and Dismissing Case. Doc. 4-2. The order reflects that the Bankruptcy Court denied confirmation of Appellant's fifth amended Plan (Doc. 4-214). *See* Doc. 4-3. The Bankruptcy Court dismissed Appellant's case without prejudice, finding that dismissal was "in the best interests of creditors and the estate." Doc. 4-2.

Appellant sought reconsideration of that order. Doc. 4-236. As grounds, she stated that she had filed an adversary complaint on January 24, 2023, to determine the validity of U.S. Bank II's claim on the W. Shell Point Rd. property and the amount owed on that debt, if any. *Id*. The Bankruptcy Court denied Appellant's motion, finding that reconsideration was not warranted because Appellant failed to address, much less meet, the standard for reconsideration as she did not allege a change in controlling law, newly discovered evidence, or any error in denying confirmation or dismissing the bankruptcy case, and she did not claim any manifest injustice. Doc. 4-

---

[8] Appellant filed an adversary complaint against U.S. Bank II on January 24, 2023, challenging the validity of the mortgage lien on the W. Shell Point Rd. property. The bankruptcy judge abstained from ruling on the merits of the complaint, and, as it had done twice before, dismissed the complaint without prejudice to Appellant to assert her claims as defenses in the foreclosure action. *See* Case No. 8:23-ap-00015-RCT, Doc. 6.

3 at 2. The Bankruptcy Court further found that Appellant essentially was asking it to retain jurisdiction over the adversary proceeding notwithstanding the dismissal of her bankruptcy action, which it declined to do because Appellant initiated the proceeding as an alternative forum in which to litigate her state law claims against U.S. Bank II, not because she had a sincere desire to reorganize her debts. *Id.* at 2, 3.

On March 21, 2023, Appellant filed a Notice of Appeal of the Bankruptcy Court's Order Denying Confirmation and Dismissing Case and Order Denying Motion for Reconsideration. Doc. 4-1. Appellant designated the "entire case docket" as the items to be included on the record of appeal. Doc. 4-5. Appellant did not request or obtain transcripts of the fourth continued confirmation hearing on December 5, 2022, or the final confirmation hearing on February 8, 2023, to include in the appellate record.

## II.   STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a). A district court functions as an appellate court in reviewing decisions of the bankruptcy court. *See In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). The district court reviews the bankruptcy court's legal conclusions *de novo* and findings of fact for clear error. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th

Cir. 2007) (internal quotation marks omitted). The party seeking to reverse the bankruptcy court's finding bears the burden of showing clear error. *Qadan v. Fla. Prop. Grp. Assocs.,* 591 B.R. 796, 808 (M.D. Fla. 2018) (citing *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002)).

The bankruptcy court's equitable determinations are reviewed for an abuse of discretion. *In re Kingsley*, 518 F.3d 874, 877 (11th Cir. 2008). Under this standard, the reviewing court must affirm unless it finds that the bankruptcy court made a clear error of judgment or applied an incorrect legal standard. *Id*. (citations and quotation marks omitted). The bankruptcy court's dismissal for cause is an equitable determination reviewed for an abuse of discretion. *See In re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013) (reviewing Chapter 7 dismissal "for cause" under statute that contains similar operative language to the "for cause" dismissal provision in Chapter 13); *In re Echeverry*, 720 F. App'x 598, 599 (11th Cir. 2018)[9] (reviewing Chapter 13 dismissal "for cause" pursuant to *In re Piazza*). The bankruptcy court's denial of a motion for reconsideration also is reviewed for an abuse of discretion. *In re Int'l Yacht & Tennis, Inc.*, 922 F.2d 659, 662 n.6 (11th Cir. 1991); *Qadan*, 591 B.R. at 813.

### III. ANALYSIS

Construed liberally, Appellant raises two main issues on appeal: (1) whether the Bankruptcy Court abused its discretion in dismissing Appellant's bankruptcy case for

---

[9] Unpublished opinions are not binding precedent, but they may be cited as persuasive authority. *See* 11th Cir. R. 36-2; *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000).

13

cause; and (2) whether the Bankruptcy Court abused its discretion in denying Appellant's motion for reconsideration. Each issue is addressed in turn.

### A. Dismissal of Appellant's Chapter 13 Bankruptcy

Appellant argues that the Bankruptcy Court erred in dismissing her case for two reasons. First, Appellant contends that the Bankruptcy Court clearly erred by denying confirmation of her fifth amended Plan for failing to provide treatment for the secured claims of U.S. Bank and U.S. Bank II. According to Appellant, the record demonstrates that her fifth amended Plan provided non-monetary treatment for the secured claims by seeking judgments in adversary to determine the amount secured by U.S. Bank's and U.S. Bank II's mortgage liens, and that after those determinations were made, Appellant would amend her Plan to provide monetary treatment for their secured claims. Doc. 12 at 7. Second, Appellant contends that the Bankruptcy Court misapplied the portion of the Bankruptcy Code that authorizes a bankruptcy court to dismiss a Chapter 13 case because the Bankruptcy Court did not cite any of the permissible circumstances listed in the Code in its Order Denying Confirmation and Dismissing Case. Doc. 12 at 7-8.

The Trustee responds that there is no record evidence showing that the Bankruptcy Court erred by denying confirmation of Appellant's fifth amended Plan because the Plan did not meet the requirements of 11 U.S.C. §§ 1322 and 1325. Specifically, the Trustee contends the fifth amended Plan did not provide for treatment for U.S. Bank's secured claim as required by § 1332(e) because it proposed to cure pre-petition arrears and make post-petition mortgage payments but proposed no monetary

14

amount to do so, and it did not provide for treatment of U.S. Bank II's secured claim as required by § 1325(a)(5) because it proposed an estimated value of the claim ($450,000) but proposed no payment on the estimated value. As for Appellant's assertion that her Plan provided for treatment of both secured claims by seeking determinations in adversary, the Trustee argues that the Plan does not reflect that intention and the Plan would not be confirmable even if it did. Doc. 13 at 12, 13.

Appellant fails to demonstrate that the Bankruptcy Court clearly erred by denying confirmation of the fifth amended Plan for failing to provide treatment for the secured claims of U.S. Bank and U.S. Bank II.[10] Section 1325 of the Bankruptcy Code requires one of three alternative treatments for a secured creditor whose claim is included in a Chapter 13 plan: treatment to which the secured creditor consents; treatment by which the debtor pays towards the secured creditor's lien while the creditor retains its security; or treatment by way of the debtor surrendering the property to the secured creditor. 11 U.S.C. § 1325(a)(5); *Woodroffe v. Waage*, No. 8:18-cv-1437-T-36, 2019 WL 4644425, at *4 (M.D. Fla. Sept. 24, 2019). In this case, Appellant's fifth amended Plan did not provide for treatment to which U.S. Bank and U.S. Bank II consented, it did not provide for payment towards the liens on the Hanover Way

---

[10] The Court notes that the Bankruptcy Court's Order Denying Confirmation and Dismissing Case does not state why Appellant's fifth amended Plan was denied confirmation or why Appellant's case was dismissed. However, its reason for both is reflected in its Order Setting Final Confirmation Hearing. Therein, the Bankruptcy Court advised Appellant that her amended Plan must provide for payments to creditors and include a payment term of thirty-six to sixty months, and that her case would be subject to dismissal if it did not. Doc. 4-216 at 2.

and W. Shell Point Rd. properties, and it did not provide for Appellant to surrender the properties to U.S. Bank and U.S. Bank II. Because the fifth amended Plan failed to comply with § 1325(a)(2)'s requirements that a plan provide for specified treatment of secured creditors, the Bankruptcy Court did not err in the manner alleged. As for Appellant's contention that her fifth amended Plan provided non-monetary treatment for the secured claims and would have been amended to provide for monetary treatment of the claims, the Court finds the contention is not well-taken. Nothing in the fifth amended Plan supports a finding that Appellant intended to treat the claims in that manner, and Appellant cites no evidence demonstrating that it was her intention to do so. Moreover, Appellant was on notice that doing so was impermissible. The bankruptcy judge informed Appellant that her adversary claims challenging the validity of the mortgage liens on the Hanover Way and W. Shell Point Rd. properties were improper collateral attacks on the state court foreclosure actions that would not be heard in adversary or in her bankruptcy case.[11] *See* Doc. 4-171 at 8-11, 19-22.

The Bankruptcy Court did not abuse its discretion in dismissing Appellant's case. The Bankruptcy Court dismissed the case because Appellant failed to submit an amended Plan that provided payment to secured creditors U.S. Bank and U.S. Bank II. Section 1307(c) of the Bankruptcy Code provides that "on request of a party in

---

[11] To the extent Appellant contends the Bankruptcy Court clearly erred in denying confirmation of her fifth amended Plan because no objections were made to the Plan (*see* Doc. 12 at 6), Appellant is incorrect. U.S. Bank II objected to confirmation of the fifth amended Plan on December 30, 2022. Doc. 4-214.

interest or the United States trustee[12] and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]"11 U.S.C. § 1307(c). It also provides a non-exhaustive list of circumstances that constitute "for cause," including the failure to file a plan timely, and the denial of confirmation of a plan and the denial of a request for additional time to file another plan. *Id*. at § 1307(c)(3), (5). On December 15, 2022, the Bankruptcy Court ordered Appellant to file an amended Plan within twenty-one days that provided for payments to creditors and a Plan term of thirty-six to sixty months. Doc. 4-216 at 2. Appellant did not timely file an amended Plan within that period; nor did she file an amended Plan at any time thereafter. Additionally, the Bankruptcy Court denied confirmation of Appellant's fifth amended Plan, and Appellant did not request additional time to file another amended Plan.

---

[12] A bankruptcy court may dismiss a case *sua sponte* under 11 U.S.C. § 105(a). *See In re Tennant*, 318 B.R. 860, 869 (9th Cir.2004) ("Section 105(a) makes 'crystal clear' the court's power to act *sua sponte* where no party in interest or the Unites States trustee has filed a motion to dismiss a bankruptcy case."); *see also In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1312 (2d Cir.1997) ("When the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause, the bankruptcy court may do so."). Section 105(a) of the Bankruptcy Code states, in relevant part, that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The Court notes that the Eleventh Circuit has held that a bankruptcy court lacks authority *sua sponte* to dismiss a Chapter 11 case, except for a case "'with demonstrably frivolous purposes absent any economic reality.'" *In re Moog*, 774 F.2d 1073, 1076 (11th Cir. 1985). However, the Eleventh Circuit decided that case prior to the 1986 amendments to § 105(a), and thus, it is inapposite.

The record also supports dismissal based on Appellant's unreasonable delay that was prejudicial to creditors under § 1307(c)(1). Here, Appellant had not confirmed a Chapter 13 Plan within 14 months despite having filed seven Plans, one of which was stricken. A debtor's inability to confirm a Chapter 13 plan for an extended period of time has been found to be unreasonable delay that is prejudicial to creditors justifying dismissal under section 1307(c). *See In re Addams*, 564 B.R. 458, 466-67 (Bankr. E.D.N.Y. 2017) (finding unreasonable delay where a debtor had not confirmed a Chapter 13 plan within 15 months); *In re Blanco*, 520 B.R. 476, 483 (Bankr. E.D. Pa. 2014) ("[T]here is no legitimate purpose for a debtor to remain in chapter 13, and thereby restrain creditors from exercising their rights under applicable non-bankruptcy law, if the debtor, after given fair opportunity to do so, has been unable to propose a chapter 13 plan that meets the confirmation requirements of 11 U.S.C. § 1322 and § 1325.").

    **B.**    **Denial of Appellant's Motion for Reconsideration**

Appellant argues that the Bankruptcy Court abused its discretion in denying her motion for reconsideration because it "maintained its error by determining that the plan did not provide for treatment of the claims." Doc. 12 at 9. Appellant's argument is without merit.

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover*

18

*v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.* A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur v. King*, 500 F.3d 1335, 1343-44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

The Bankruptcy Court did not abuse its discretion by denying Appellant's motion for reconsideration. Appellant presents no evidence of an intervening change in controlling law, the availability of new evidence, or the need to prevent manifest injustice. To the extent Appellant argues reconsideration is warranted to correct clear error, the Court has found that the Bankruptcy Court did not clearly error by finding that Appellant's fifth amended Plan failed to provide treatment for the secured claims of U.S. Bank and U.S. Bank II, and Appellant alleges no other errors.

For the reasons stated above, Appellant has not shown that the Bankruptcy Court abused its discretion or committed any error in denying confirmation of Appellant's fifth amended Plan, dismissing Appellant's bankruptcy case, and denying reconsideration of the same.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Bankruptcy Court's Order Denying Confirmation and Dismissing Case (Doc. 4-2) and Order Denying Motion for Reconsideration (Doc. 4-3) are **AFFIRMED**.

2. The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Alice Marie Bruce, 867 Hanover Way, Lakeland, FL 33813
Counsel of Record